UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23563-CIV-ALTONAGA

**ASSA COMPAÑIA DE SEGUROS, S.A.**,

    Plaintiff,

v.

**CODOTRANS, INC.**,

    Defendant/Third-Party Plaintiff,

v.

**MURANO TRADING CORP.**,

    Third-Party Defendant.

_____/

## ORDER

**THIS CAUSE** came before the Court on Third-Party Defendant, Murano Trading Corp.'s ("Murano[']s]") Motion to Dismiss Third Party Complaint . . . and Motion to Strike Request for Attorneys['] Fees and Memorandum of Law ("Motion") [ECF No. 26], filed February 3, 2014. On February 21, 2014, Defendant/Third-Party Plaintiff, Codotrans, Inc. ("Codotrans") filed its Response . . . ("Response") [ECF No. 28]. Murano filed its Reply . . . ("Reply") [ECF No. 31] on March 3, 2014. The Court has carefully reviewed the parties' written submissions and applicable law.

### I.     BACKGROUND[1]

This is an action by Defendant/Third-Party Plaintiff Codotrans seeking indemnification, contribution, and damages for breach of contract from Third-Party Defendant Murano in connection with the underlying suit against Codotrans by Plaintiff, Assa Compañia de Seguros,

---

[1] The facts are taken from Codotrans's Third-Party Complaint [ECF No. 21] and exhibits, presented in the light most favorable to Codotrans, and taken as true.

S.A. ("Assa") for damages stemming from the loss of merchandise inside a loaded shipping container. (*See generally* Third-Party Compl.; Exhibit 1 – Assa's Complaint ("Complaint") [ECF No. 21-1]).

Codotrans is a Florida corporation that offers a warehouse facility in Miami where customers can "receive deliveries of cargo from various vendors and suppliers." (Third-Party Compl. ¶¶ 3, 14). Costumers also use Codotrans's warehouse to store, consolidate, pack, and ship cargo. (*See id.* ¶ 14). Murano is one of Codotrans's customers. (*See id.*).

Panafoto, S.A. ("Panafoto") is a Panamanian company engaged in selling consumer electronics. (*See* Compl. ¶ 7). Murano and Panafoto enjoy a close relationship, with Murano engaging Codotrans's services as an "agent" of Panafoto. (*See id.* ¶¶ 6–7; Third-Party Compl. ¶ 15). Murano arranges for merchandise to be shipped to the Codotrans warehouse, where Murano consolidates the goods for forwarding to Panafoto. (*See* Compl. ¶ 7; Third-Party Compl. ¶ 15). Panafoto owns all of the merchandise Murano routes through Codotrans's warehouse on Panafoto's behalf. (*See* Compl. ¶ 7).

On July 13, 2012, Codotrans and Murano entered into a Warehouse Service Agreement ("Agreement"). (*See* Third-Party Compl. ¶ 16; Exhibit 3 – Warehouse Service Agreement ("Agreement") [ECF No. 21-5]). The Agreement is a "space-for-pay arrangement." (Third-Party Compl. ¶ 19). Under the Agreement, Codotrans agreed to allow Murano the use of "one single office and . . . the fenced area in the warehouse as well as the use of the receiving area" to receive and deliver cargo under Murano's own name. (Agreement ¶ 1). The Agreement required Murano to obtain insurance, stating: "Customer [Murano] will be responsible for warehouse coverage. Customer must pay and be responsible for their [sic] insurance." (*Id.* ¶ 6 (alteration added)).

Murano staffed its rented office at Codotrans's warehouse with an "employee/manager, Angela de la Espriella, who was responsible to oversee [sic] . . . the goods that Murano received, stored[,] and shipped from Codotrans'[s] warehouse." (Third-Party Compl. ¶ 19 (alterations added)). Murano's customary practice was to wait until it had enough merchandise to fill an ocean shipping container, at which point Murano would contact an ocean carrier and make arrangements for the merchandise to be picked up at the warehouse and shipped to Panafoto in Panama. (*See* Compl. ¶ 13; Third-Party Compl. ¶ 23).

On January 9, 2013, Seaboard Marine, an ocean carrier contacted by Murano, delivered an empty shipping container to the loading bay at Codotrans's warehouse. (*See* Third-Party Compl. ¶ 27; Compl. ¶ 15). Murano instructed Codotrans to load the shipping container with specified goods. (*See* Third-Party Compl. ¶¶ 24–26; Compl. ¶ 14). Codotrans's employees pulled the specified merchandise from Murano's storage area at the warehouse and loaded it into the provided shipping container. (*See* Third-Party Compl. ¶¶ 26, 29–30; Compl. ¶ 15). Murano's employee, Angela de la Espriella, observed the loading process and contacted Seaboard Marine for pick-up once the container was fully loaded. (*See* Third-Party Compl. ¶¶ 30–31). Murano then left the container unattended. (*See id.* ¶ 32). While unattended, the shipping container was unlawfully taken from the premises before Seaboard Marine arrived for pick-up, and the merchandise inside the container was never recovered. (*See id.* ¶¶ 32–34; Compl. ¶ 15).

In its two-count Complaint, Assa, as subrogee of Panafoto, brought breach of contract and negligence claims against Codotrans in connection with the loss of the merchandise from Codotrans's warehouse. (*See generally* Compl.). Assa's Complaint alleged Codotrans (1) breached the Agreement, and (2) acted negligently in leaving a loaded shipping container

3

unattended, making Codotrans liable for the losses of Panafoto (and therefore Assa, its subrogee). (*See id.* ¶¶ 19–23).

Codotrans, in response, filed a Third-Party Complaint against Murano, alleging Murano is liable for Assa's damages. (*See generally* Third-Party Compl.). Codotrans's Third-Party Complaint asserts three causes of action against Murano: (1) Breach of Contract (Count I); (2) Common Law Indemnification (Count II); and (3) Contribution (Count III). (*See generally id.*). Specifically, Codotrans alleges Murano breached the Agreement by failing to carry adequate insurance for the merchandise it stored at Codotrans's warehouse, and that Murano's breach has damaged Codotrans. (*See id.* ¶¶ 41–45). Codotrans also seeks indemnification and contribution from Murano, alleging Assa's losses are attributable, in whole or in part, to Murano's actions. (*See id.* ¶¶ 47–54).

Murano now moves to dismiss Codotrans's Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike the claim for attorneys' fees in Count I of the Third Party Complaint pursuant to Rule 12(f). (*See* Mot. 1). Murano argues Codotrans cannot state a claim for breach of contract, as the insurance provision of the Agreement was not meant to benefit Codotrans, and, in any event, warehouse coverage insurance would not have covered goods that had already been loaded into a shipping container. (*See id.* 5–10). Murano asserts Codotrans's claim for indemnification also fails, as the goods were — per the Agreement — in Codotrans's care at the time they were unlawfully taken. (*See id.* 11). Murano argues Codotrans's contribution claim must also be dismissed due to Codotrans's failure to specify the underlying cause of action for which Codotrans seeks contribution from Murano. (*See id.* 11–12). Finally, Murano argues Codotrans's request for attorneys' fees in Count I must be stricken, as the parties' Agreement does not provide for payment of fees. (*See id.* 12).

## II. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556 (alteration added)). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Under Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "A motion to strike is intended to . . . remov[e] irrelevant or otherwise confusing materials. . . . [and] will usually be denied unless the material has no possible relation to the

controversy and may cause prejudice to one of the parties." *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 699–700 (S.D. Fla. 2013) (citation omitted; alterations added).

### III.   ANALYSIS

The Court addresses Murano's four contentions below.

#### A.   Breach of Contract (Count I)

In Count I of the Third-Party Complaint, Codotrans alleges the Agreement required Murano to carry insurance to cover its stored merchandise, Murano breached the parties' contract by failing to obtain adequate insurance, and Codotrans has incurred damages as a result, including having to defend itself against Assa. (*See* Third-Party Compl. ¶¶ 41–45). Murano argues Count I of Codotrans's Third-Party Complaint must be dismissed for failure to state a claim, as Codotrans's allegations are contradicted by the Agreement which is attached as an exhibit to the Third-Party Complaint. (*See* Mot. 8–10).

In order to state a claim for breach of contract, a plaintiff need only allege the existence of "'1) a valid contract; 2) a material breach; and 3) damages.'" *Int'l Star Registry of Ill. v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007) (quoting *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000)). "A copy of a written instrument included as an exhibit to a pleading is a part of the pleading for all purposes, including a Rule 12(b)(6) motion to dismiss." *Indulgence Yacht Charters Ltd. v. Ardell Inc.*, No. 08-60739, 2008 WL 4346749, at *4 (S.D. Fla. Sept. 16, 2008) (citing FED. R. CIV. P. 10(c); *Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985)). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)) (alteration in original).

However, "[a] court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment." *McKissack v. Swire Pac. Holdings, Inc.*, No. 09-22086-Civ, 2011 WL 1233370, at *3 (S.D. Fla. Mar. 31, 2011) (citing *Moran v. Crystal Beach Capital, LLC*, No. 8:10-cv-1037-T-30AEP, 2011 WL 17637, at *4 (M.D. Fla. Jan. 4, 2011)). *See also Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-CIV, 2011 WL 6024572, at *8 (S.D. Fla. Dec. 2, 2011) ("A determination of the proper interpretation of the contract should be decided at the summary judgment stage, not in a ruling on a [] motion to dismiss." (alteration added)); *Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008) ("The proper interpretation of this provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim. Interpretation of a clear and unambiguous contractual provision is a question of law properly decided on summary judgment." (citation omitted)).

Murano argues Codotrans has not stated a claim for breach of contract, as the merchandise was no longer subject to Murano's care once it had been withdrawn from warehouse storage and loaded into the container. (*See* Mot. 6–10). Murano contends the provision requiring warehouse insurance did not require coverage for merchandise that had been taken out of storage, and therefore the allegations regarding Murano's breach and Codotrans's damages are directly contradicted by the coverage provision of the insurance requirement in the Agreement. (*See id.* 10). According to Murano, Codotrans's allegations "flat out contradict[]" the Agreement, and as a result, the allegations cannot survive a motion to dismiss. (Reply 1 (alteration added)).

Codotrans maintains it has alleged the existence of a valid contract between the parties (the Agreement), Murano's breach of that contract (failing to obtain adequate merchandise

7

insurance), and damages (expenses incurred as a result of the underlying suit). (*See* Resp 5). To the extent Murano argues Codotrans's allegations conflict with the parties' Agreement, Codotrans takes the position this requires an interpretation of the Agreement, which, as explained, is inappropriate at the motion to dismiss stage. (*See* Resp. 10–11).

Codotrans's position is well taken. The Agreement notes Murano is allowed the use of a single office, a fenced area in the warehouse, and the receiving area. (*See* Agreement ¶ 1). The Agreement's insurance provision required Murano to obtain insurance coverage for the merchandise being routed through Codotrans's warehouse. (*See id.* ¶ 6). Although Murano insists Codotrans's allegations "flat out contradict[]" the Agreement (Reply 1), nothing in the Agreement actually — let alone "flat out" — contradicts the allegations of the Third-Party Complaint.

Murano is effectively asking the Court to conclude Murano's contractual obligations did not extend to goods that had been loaded for pick-up at Codotrans's premises, or that the insurance provision of the Agreement was not meant to benefit Codotrans. (*See* Mot. 5–10). Murano argues Codotrans "[m]isconstrues" the scope of the Agreement (*id.* 3), and that Codotrans, as the party performing the forwarding service, was liable for the goods until "the moment that an ocean carrier's trucker picked up the loaded and sealed ocean shipping container" (*id.* 6). But such a conclusion requires the Court to interpret the Agreement, which the Court will not do at the motion to dismiss stage. The parties do not dispute the existence of a valid contract. (*See generally* Third-Party Compl., Mot.). Codotrans has alleged Murano breached that contract by failing to obtain adequate insurance to cover Murano's goods, and that Murano's breach has damaged Codotrans because Assa has turned to Codotrans to recover for the loss of the goods. (*See* Third-Party Compl. ¶¶ 41–45). Through the allegations of its Third-

Case 1:13-cv-23563-CMA   Document 38   Entered on FLSD Docket 04/18/2014   Page 9 of 13

CASE NO. 13-23563-CIV-ALTONAGA

Party Complaint, Codotrans has sufficiently pleaded a claim for breach of contract. Accordingly, Murano's Motion is denied as to Count I.

### B.  Indemnification (Count II)

Murano also argues Codotrans has failed to state a claim for common law indemnity in Count II of the Third-Party Complaint. (*See* Mot. 11). Count II alleges Murano breached a duty by failing to obtain adequate insurance and by leaving its container with high-value goods unattended, and that any liability incurred by Codotrans in the underlying suit is "based solely upon the actions or defalcations of Murano." (Third-Party Compl. ¶¶ 50–51). Codotrans alleges it is itself without fault. (*See id.* ¶ 47).

To state a claim for common law indemnification, a plaintiff must allege facts sufficient to establish: "'(1) the party seeking indemnity (the indemnitee) must be without fault and its liability must be solely vicarious for the wrongdoing of another, and (2) the party against whom indemnity is sought (the indemnitor) must be wholly at fault.'" *Osorio v. State Farm Bank, F.S.B.*, 857 F. Supp. 2d 1312, 1314 (S.D. Fla. 2012) (quoting *Heapy Eng'g, LLP v. Pure Lodging, Ltd.*, 849 So. 2d 424, 424 (Fla. 1st DCA 2003)); *see also Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999).

Murano argues Codotrans has failed to state a claim for common law indemnity because Codotrans has merely pled "a formulaic recitation of the elements of a cause of action" for indemnity. (Reply 5 (quoting *Twombly*, 550 U.S. at 545)). Murano asserts the container was loaded and in Codotrans's care for forwarding at the time it was unlawfully taken, and by that point, "there was no duty that Murano had to discharge in favor of Panafoto." (Mot. 11).

The argument fails at this stage. The merchandise, at the time it went missing, had been loaded into a shipping container by Codotrans at Murano's request, and Murano, having

9

observed Codotrans complete its loading of the container, requested pick-up of the loaded container. (*See* Third-Party Compl. ¶¶ 30–31). Codotrans has alleged Murano is wholly at fault for having left the container and the merchandise unattended before the merchandise was picked up. (*See id.* ¶¶ 32, 50–51). Codotrans has also alleged it is itself without fault for the loss of the merchandise, as its "responsibility for the goods covered in the Shipment ended when Murano withdrew the cargo from [the] warehouse and, using Codotrans'[s] personnel, loaded the Shipment into the Seaboard Marine container that Murano itself provided." (*Id.* ¶ 38 (alterations added)). Nothing in the Agreement directly contradicts those allegations, which are taken as true at the motion to dismiss stage. *See Brooks*, 116 F.3d at 1369. Codotrans has sufficiently stated a claim for indemnity, and Murano's Motion is denied as to Count II.

    C.    **Contribution (Count III)**

Finally, Murano asserts Count III of the Third-Party Complaint must be dismissed because "[c]ontribution is limited to tort claims." (Mot. 11 (citing FLA. STAT. § 768.31(2)) (alteration added)). In the underlying action between Assa and Codotrans, Assa brought both breach of contract and negligence claims against Codotrans. (*See* Mot. 11; Compl. 6–7). Murano argues "Codotrans fails to specify as to which of these two cause [sic] of action it seeks contribution" in its Third-Party Complaint, and the contribution claim in Count III must therefore be dismissed. (Mot. 11).

In Florida, "contribution is 'exclusively a statutory remedy.'" *Zurich Am. Ins. Co. v. Hi-Mar Specialty Chems., LLC*, No. 08-80255-CIV, 2009 WL 1851124, at *4 (S.D. Fla. June 29, 2009) (quoting *Horowitz v. Laske*, 855 So. 2d 169, 173 (Fla. 5th DCA 2003)); *see also Fla. Patient's Comp. Fund v. St. Paul Fire & Marine Ins. Co.*, 559 So. 2d 195, 197 (Fla. 1990). Florida Statute section 768.31, the statute providing for statutory contribution, limits the

availability of contribution as a remedy to tortfeasors who share common tort liability. *See* FLA. STAT. § 768.31; *cf. Lapidus v. Citizens Fed. Sav. & Loan Ass'n*, 389 So. 2d 1057, 1059 (Fla. 3d DCA 1980) (noting FLA. STAT. § 768.31 is "expressly restricted to torts" and thus inapplicable to damages on account of a breach of contract).

In asserting Codotrans's contribution claim must be dismissed, Murano relies on *Hi-Mar Specialty Chemicals*, 2009 WL 1851124. (*See* Mot. 11–12). In *Hi-Mar Specialty Chemicals*, the court, noting the third-party plaintiff's complaint "improperly sought contribution for both contract-based claims and tort-based claims," dismissed the third-party plaintiff's claim for contribution "with leave to amend, to allege with specificity for which claims it is seeking contribution." *Id.*, 2009 WL 1851124, at *4.

In light of this clear law, an amendment to Count III is unnecessary. Under Florida Statute section 768.31, Codotrans cannot seek compensation from Murano for any damages Codotrans incurs due to Assa's breach of contract claim. Codotrans is only entitled to seek contribution from Murano for any damages it incurs as a result of Assa's negligence claim in the underlying suit. Because Codotrans may appropriately seek contribution from Murano for tort damages stemming from Assa's negligence claim, Count III of the Third-Party Complaint is properly construed that way and states a claim for relief.

**D.      Attorneys' Fees Sought in Connection with Count I (Breach of Contract)**

In addition to dismissal of Codotrans's three claims, pursuant to Rule 12(f), Murano moves to strike Codotrans's request for attorneys' fees in Count I of the Third-Party Complaint, asserting fees must be provided for by statute or contract, and the Agreement here fails to provide for such a recovery. (*See* Mot. 1, 12 (citing *Hiestand v. Geier*, 396 So. 2d 744, 749 (Fla. 3d DCA 1981))).

In response, Codotrans states its request for attorneys' fees in Count I is meant to "merely reserv[e] such relief in the event that such relief is appropriate." (Resp. 11 (citing *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)) (alteration added). Codotrans concedes attorneys' fees may only be recovered when provided for by statute or contract, but nevertheless argues its claim is appropriate to put Murano "on notice that Codotrans intends to seek attorney[s'] fees if the proper circumstances should arise." (*Id.* 12 (citing *Zeron v. C & C Drywall Corp., Inc.*, No. 09-60861-CIV, 2009 WL 2461771, at *4 (S.D. Fla. Aug. 10, 2009))).

In *Zeron*, the court declined to strike a clause asking the court to "reserve jurisdiction to consider a timely filed motion for attorney's fees." *Zeron*, 2009 WL 2461771, at *4. In denying the motion to strike, the court observed attorneys' fees may be assessed where a losing party has acted in bad faith, and noted "it would not be prejudicial to any party for the Court to reserve jurisdiction to hear such a motion should the circumstances require." *Id.* (citing *Kreager*, 775 F.2d at 1543)).

Here, Codotrans has not asked the Court to retain jurisdiction over any future motions for attorneys' fees — it has claimed attorneys' fees as part of its damages for a breach of contract claim. (*See* Third-Party Compl. 8 ("WHEREFORE, Codotrans, Inc. demands judgment against Third-Party Defendant, Murano Trading Corp., for damages, including its attorneys' fees . . . .")). Codotrans has not articulated a contractual or statutory basis for its demand for attorneys' fees in Count I, and accordingly, the demand is stricken. *See Euro RSCG Direct Response, LLC v. Green Bullion Fin. Servs.*, 872 F. Supp. 2d 1353, 1364 (S.D. Fla. 2012) (granting motion to strike demand for attorneys' fees where plaintiff "failed to articulate a statutory or contractual basis for attorneys['] fees") (alteration added); *Ninghai Genius Child Prod. Co. Ltd. v. Kool Pak, Inc.*, No. 11-61205-CIV, 2012 WL 1203821, at *3 (S.D. Fla. Apr. 11, 2012) (same).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 26]** is **GRANTED in part**.

Codotrans's request for attorneys' fees with respect to Count I is **STRICKEN**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of April, 2014.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record