UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23563-CIV-ALTONAGA/SIMONTON

ASSA COMPANIA DE SEGUROS,

 Plaintiff,

v.

CODOTRANS, INC.,

 Defendant/Third-Party Plaintiff,

v.

MURANO TRADING CORP.,

 Third-Party Defendant.
_____/

### ORDER DENYING MOTION TO DISQUALIFY

This matter is before the Court upon Defendant/Third-Party Plaintiff Codotrans, Inc.'s Motion to Disqualify Mejer Law, P.A. as Counsel for Third-Party Defendant, Murano Trading Corp. (DE # 29).  Defendant/Third Party Plaintiff Murano has filed a Response in opposition (DE # 32) and Defendant Codotrans has filed a Reply (DE # 33). The Honorable Cecilia M. Altonaga, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge (DE # 30).  An evidentiary hearing was held on the Motion on April 3, 2014 (DE # 37).  At the conclusion of the hearing, all parties agreed that based upon the representations made by ASSA and the evidence in the record, there was no disqualifying conflict.  The undersigned concurs and therefore for the reasons stated on the record and set forth below, Codotrans Inc.'s Motion to Disqualify is **DENIED.**

 I. BACKGROUND

This matter was initiated when Plaintiff, ASSA Compania de Seguros, S.A., ("ASSA") as subrogee of Panafoto S.A. ("Panafoto"), filed a two-count Complaint against

Defendant Codotrans, Inc., ("Codotrans") for breach of a Warehouse Service Agreement ("Service Agreement") (Count I) and for negligence (Count II) related to the housing and delivery of certain goods purchased by Panafoto (DE # 1).  According to the Complaint, Panafoto's agent, Murano Trading Corp., ("Murano") entered into the Service Agreement with Codotrans wherein, among other things, Codotrans agreed to provide warehouse service, as well as receiving and delivering all cargo under the name "Murano Trading Corp." (DE # 1 at 2-3).  Panafoto was insured by ASSA under an Open Cargo Policy on an all risks basis as to all shipments made by Panafoto.  ASSA alleges that after Panafoto purchased certain computer parts and accessories, Murano had the items delivered to Codotrans' warehouse pursuant to the Service Agreement.  ASSA contends that while the merchandise was housed at the Defendant's warehouse and before it was shipped to Panafoto, the merchandise disappeared.  Panafoto filed a claim with ASSA pursuant to the Open Cargo Policy, and ASSA paid Panafoto $1,076,052.00 for the lost merchandise. ASSA, as subrogee of Panafoto, then initiated the instant action against Codotrans.

Codotrans filed an Answer and Affirmative Defenses to the Complaint (DE # 7) and also filed a Third Party Complaint against Murano alleging that Murano is liable to indemnify Codotrans and/or contribute to any judgment that Plaintiff might obtain against Codotrans (DE # 21).

The same law firm that represents Plaintiff ASSA in this matter, Mejer Law, P.A. ("Mejer Law") was retained by Third Party Murano to represent Murano in this action. Defendant Codotrans moved to disqualify Mejer Law from representing Murano due to that law firm's purported conflict of interest in representing both ASSA and Murano in this action.

## II. THE MOTION TO DISQUALIFY

In the Motion to Disqualify, Codotrans contended that Mejer Law's simultaneous representation of both Plaintiff ASSA and Third Party Defendant Murano ran afoul of Florida Bar Rule of Professional Conduct 4-1.7 and thus warranted disqualification. Specifically, Codotrans contended that if Murano was found in any way to be liable for Panafoto's loss, then ASSA, as Panafoto's subrogating insurance carrier, would likely have a claim against Murano. Such a claim could not be asserted by Counsel who represents both ASSA and Murano. Codotrans also contended that because ASSA's interest in this action was presumably to recoup as much as possible either by way of litigation or settlement, to the extent that Murano would have to contribute to any settlement, Counsel for ASSA would have to counsel against Murano's interest by urging Murano to offer a large settlement amount to benefit ASSA. Codotrans thus contended that Counsel for Murano would be taking a position that was adverse to Murano in its effort to properly represent ASSA in this action, and vice-versa. Finally, Defendant Codotrans argued that the simultaneous representation of ASSA and Murano by Mejer Law acts to potentially prejudice Codotrans because Counsel will not be able to advise Murano to contribute to any settlement because of the conflict (DE # 29 at 2).

In response, Mejer Law contended that representation of both ASSA and Murano did not create a conflict since the positions of ASSA and Murano are not adverse in this action because both Panafoto and Murano are named insureds under ASSA's Floating Cargo Policy (DE # 32 at 4). Further, Mejer Law contended that when ASSA paid Panafoto's claim related to this action, Panafoto and Murano executed a Declaration of Intent wherein, Ashok Naraindas Nandwani Nandwani, acting on behalf and in representation of both Murano and Panafoto, jointly assigned ASSA the right to recover

3

from Codotrans the amount paid by ASSA for the loss of merchandise, at issue. Thus, according to Mejer Law, ASSA stands in no greater position than either Panafoto or Murano, and therefore ASSA has no right to proceed against Murano in the instant action.

Finally, Mejer Law argued that because any potential conflict was disclosed by Mejer Law to ASSA, Panafoto and Murano, and those entities elected to waive such conflict, the Florida Bar Rules have not been violated, and the Mejer Law should not be disqualified. In support of this contention, Mejer Law has submitted a December 26, 2013 letter from Attorney Alvaro L. Mejer to ASSA, Panafoto and Murano, which confirmed that those three entities had requested Mejer Law to simultaneously represent them in litigation between ASSA, Murano and Codotrans related to Panafoto's missing cargo (DE # 32-2). The letter explained the adverse interests that could exist between those entities related to the litigation and settlement but stated that no conflict would exist if ASSA agreed to reduce any potential recovery against Codotrans by any amount awarded to Codotrans against Murano. The last page of the letter was signed by representatives of ASSA, Panafoto and Murano and stated that those entities understood the letter, agreed to the terms and conditions of the letter, and agreed that Mejer Law, P.A. would jointly represent those entities (DE # 32-2 at 7).

### III. EVIDENTIARY HEARING[1]

An evidentiary hearing was held on the Motion to Disqualify on April 3, 2014 during which Mejer Law introduced the testimony of two witnesses, both of whom were cross-examined by Counsel for Codotrans.

---

[1] References to the April 14, 2014 Evidentiary Hearing are taken from the rough transcript provided by the Court reporter to the undersigned following the hearing.

**Mejer Law first called Ms. Angela De La Espriella to testify regarding the relationship between Panafoto and Murano. Ms. De La Espriella testified, *inter alia*, that she is the General Manager for Murano Trading. (Hr'g Tr. at 26). She confirmed that Murano has no business that does not involve Panafoto and further confirmed that both entities are owned by Ashok Nandwani (Hr'g Tr. at 26, 28).[2] Ms. De La Espriella testified that she is familiar with the potential conflict of Mejer Law representing both Panafoto and Murano in this litigation and testified that she read and agreed to the terms of the letter of consent from Mr. Mejer that explained that potential conflict. (Hr'g Tr. at 28-29). Ms. De La Espriella confirmed that although she understood that a potential conflict could exist in this litigation and settlement, Murano and Panafoto nevertheless elected to waive their rights to separate representation in the action. (Hr'g Tr. at 49-50).**

**Mejer Law next called Claudia Marquez, an attorney and the legal and recovery manager for ASSA to testify at the hearing. Ms. Marquez testified regarding the Floating Cargo Policy related to this case and explained that the insureds under that policy are Panafoto, its subsidiaries and affiliates. (Hr'g Tr. at 51). Ms. Marquez testified that Murano Trading is considered an affiliate of Panafoto, and as such is a named insured under the Floating Cargo Policy, pursuant to a rider in that policy. (Hr'g Tr. at 52, 58-59). Ms. Marquez explained that the Agreement of Intent executed by Murano and Panafoto was drafted on ASSA's behalf by external attorneys and was designed for Murano and Panafoto to acknowledge receipt of the insurance monies received from ASSA and to permit ASSA to be designated as the subrogee of Panafoto. (Hr'g Tr. at 53, 54). Ms.**

---

[2] **It was unclear from Ms. De La Espreiella's testimony at the hearing what percentage of Panafoto Mr. Nandwani owns, but it is clear that Mr. Nandwani owns all of Murano, and, at least some portion of Panafoto. The remaining shares of Panafoto are owned by Mr. Nandwani's family members.**

5

**Marquez made clear that if Murano were found to be responsible in some way for the loss of Panafoto's cargo in this litigation, ASSA would assume the percentage of loss attributable to Murano and would not pursue a claim against Murano in this litigation. (Hr'g Tr. at 55, 60). Ms. Marquez stated unequivocally that ASSA would reduce any amount of money it recovers from Codotrans in this action by any amount recovered by Codotrans from Murano.**

**Ms. Marquez testified that she received the December 26, 2013 letter from Mejer Law to ASSA, Panafoto and Murano, wherein Attorney Alvaro L. Mejer confirmed that those three entities had requested Mejer Law to simultaneously represent them in litigation between ASSA, Murano and Codotrans related to Panafoto's missing cargo (Hr'g Tr. at 56). She stated that the Manager and President of ASSA signed the letter which explained the adverse interests that could exist between ASSA and Murano related to the litigation and testified that ASSA agreed to waive any such conflict during the litigation and/or settlement of this matter (Hr'g Tr. at 57).[3]**

**After the witnesses testified and at the conclusion of the evidentiary hearing, upon questioning from the Court, Counsel for Codotrans conceded that because ASSA stated that it would assume full liability for the claim and that ASSA would reduce its recovery by any amount obtained by Codotrans against Murano in this litigation, that no adverse position to either client would be advanced by Mejer Law, and Murano and ASSA had waived any conflict related to Mejer Law's representation. (Hr'g. Tr. at 66-69).**

---

[3] **At the evidentiary hearing, Counsel for ASSA, acknowledged that the letter contained a typographical error in an earlier paragraph which stated that no conflict would exist in Mejer Law's joint representation if ASSA agreed to reduce its potential further recovery by any amounts awarded to Codotrans against "ASSA". Counsel explained that the letter should have, consistent with the second to last paragraph in the letter, referred to any amounts awarded to Codotrans against "Murano" and not ASSA.**

## IV. <u>FINDINGS OF FACT</u>[4]

The following findings of fact are based upon the testimony of the witnesses at the evidentiary hearing, the parties submissions and the record as a whole:

1. On or about July 31, 2012, Murano Trading Corporation and Codotrans, Inc., entered into a Warehouse Service Agreement which provided Murano Trading Corp., the use of a fenced area in a Codotrans' warehouse for the delivery and storage of cargo. The Warehouse Service Agreement was signed by Ashok Nandwani on behalf of Murano Trading Corp.

2. Murano Trading Corp. is an affiliate of Panafoto, S.A., a Panamanian Company engaged in the business of selling consumer electronics in Panama. Ashok Nandwani owns all shares of Murano, and is also a shareholder, along with other family members, of Panafoto.

3. During early January of 2013, several shipments of Panafoto merchandise were delivered to Murano at the Codotrans Warehouse pursuant to the Warehouse Service Agreement. Sometime on or around January 9, 2013, before the merchandise was shipped from the Codotrans Warehouse to Panafoto, the merchandise disappeared.

4. The missing cargo was insured by ASSA Compania de Seguros, S.A., pursuant to a Floating Cargo Policy which named Panafoto as its insured. The Floating Cargo Policy included a rider which extended coverage under that policy to Panafoto's subsidiaries and affiliates, including Murano Trading Corp.

---

[4] To the extent that any Findings of Fact are more properly characterized as Conclusions of Law, and vice versa, they should be considered as such. These findings are only made for the purpose of resolving the presently pending motion.

5. Panafoto filed a claim with ASSA under the Floating Cargo Policy for the lost cargo. Pursuant to that policy, ASSA paid Panafoto $1,076,052.00 for the loss.

6. After payment by ASSA, on or about July 8, 2013, Ashok Naraindas Nandwani Nandwani on behalf of Panafoto and Murano executed a Declaration of Intent which acknowledged that those entities, as insureds under a Cargo Transportation Floating Policy issued by ASSA, had received payment for damages for the claim made for the missing cargo, and further assigned their rights under the policy to ASSA, as subrogor (DE # 32-1). The Declaration further stated that ASSA accepted the subrogation rights from the insureds. The Declaration was drafted on ASSA's behalf by external attorneys.

7. ASSA retained the Mejer Law Firm, P.A., to represent ASSA in relation to the instant action. On October 3, 2013, ASSA, as subrogee of Panafoto S.A. ("Panafoto"), filed this action against Codotrans, Inc., seeking damages arising from Codotrans' alleged breach of the Warehouse Service Agreement and negligence related to the missing cargo (DE # 1).

8. On December 19, 2013, Codotrans filed a Third Party Complaint against Murano alleging that Murano is liable to indemnify Codotrans and/or contribute to any judgment that Plaintiff might obtain against Codotrans (DE # 21).

9. In a December 26, 2013 letter from Mejer Law, P.A., to ASSA, Panafoto and Murano, Attorney Alvaro L. Mejer confirmed that those three entities had requested Mejer Law to simultaneously represent those entities related to

      litigation between ASSA, Murano and Codotrans related to the missing cargo (DE # 32-2).  The letter explained the adverse interests that could exist between those entities related to the litigation but stated that no conflict would exist if ASSA agreed to reduce any potential recovery against Codotrans by any amount awarded to Codotrans against Murano. Representatives for ASSA, Panafoto and Murano all signed the letter indicating that they understood the letter, and agreed to Mejer Law, P.A. jointly representing their interests.

10. If Murano is found to bear any liability for the lost cargo, ASSA will assume the percentage of loss attributable to Murano and will not pursue a claim against Murano in this litigation.

## V. LEGAL ANALYSIS

### A. Framework for Analysis

"The disqualification of counsel is an extraordinary measure ... [and a] court 'must take care to preserve the delicate balance between a party's right to retain the counsel of his choice and the need to ensure adherence to the highest ethical standards for professional responsibility.'" *Gen. Cigar Holdings, Inc. v. Altadis, S.A.*, 144 F. Supp. 2d 1334, 1337 (S.D. Fla.2001) (citations omitted). For this reason, disqualifications must be granted sparingly, and motions to disqualify opposing counsel are highly disfavored in the Eleventh Circuit. See *Herrmann v. GutterGuard, Inc.*, 199 F. Appx. 745, 752 (11th Cir. 2006) ("A motion to disqualify brought by opposing counsel should be viewed with caution ... for it can be misused as a technique for harassment.' ") (internal citations omitted); *Hernandez v. Royal Caribbean Cruises, Ltd.*, No. 10–21636–CIV, 2010 WL 3522210, *1 (S.D. Fla. Sept.7, 2010) ("Disqualification of counsel is a drastic remedy and

will not be granted lightly."). To prevail on such a motion, a movant must show "compelling reasons" for disqualification. *Herrmann*, 199 F. Appx., at 752 (citing *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)). This requires identifying a specific Rule of Professional Conduct which is applicable and demonstrating that the attorney violated that rule. *Id.* (citation omitted).

      B.    <u>Disqualification Based Upon Conflicts Resulting from a Conflict of Interest Due to Simultaneous Representation</u>

In this case, Codotrans contended that Mejer Law's representation of ASSA and Murano in this action violated Florida Bar Rules of Professional Conduct 4-1.7. Rule 4-1.7 is entitled the "Client-Lawyer Relationship" and provides,

> **4-1.7. Conflict of Interest; Current Clients**
>
> **(a) Representing Adverse Interests.** Except as provided in subdivision (b), a lawyer shall not represent a client if:
>
> (1) the representation of 1 client will be directly adverse to another client; or
>
> (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
>
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2) the representation is not prohibited by law;
>
> (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and

> **(4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.**
>
> **(c) Explanation to Clients. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.**

**C.     Application of Law to Facts of This Case**

In the Motion to Disqualify and at the evidentiary hearing, Codotrans contended that pursuant to Florida Bar Rule 4-1.7, Mejer Law should be disqualified from representing Murano, the third-party defendant in this action, because Mejer Law already represents ASSA, the subrogee-plaintiff herein, and thus has a conflict of interest. Codotrans further argued that the particular conflict of interest in this case may not be waived by either ASSA or Murano because Mejer Law's simultaneous representation of ASSA and Murano would require Counsel to assert a position adverse to the other client in this action, which is strictly prohibited by Florida Bar Rule 4-1.7 (b).  In this regard, Codotrans contended that because Counsel for ASSA will seek to increase ASSA's chances of a full recovery related to Panafoto's lost cargo in this litigation, Counsel for ASSA will assert that both Codotrans and Murano are culpable parties in this action; a position that is necessarily adverse to Murano.  Similarly, Codotrans contended that Counsel would not urge Murano to contribute to any settlement with Codotrans despite a large settlement being in the best interest of ASSA, because such advice would be adverse to Murano. Thus, Codotrans contended that section 3 of section (b) of Rule 4-1.7 could not be met under the facts of this case because that section requires that the simultaneous representation of the client not involve the assertion of a position adverse to another client.  Thus, Counsel argued that Mejer Law's simultaneous representation created an unwaivable  conflict which warranted Mejer Law's disqualification.

11

**For the following reasons, Codotrans' argument fails. First, as stated above, after hearing testimony from representatives from Murano, Panafoto and ASSA, at the evidentiary hearing, Counsel for Codotrans conceded that Mejer Law would not assert a position adverse to either ASSA or Murano in this litigation. Thus, to the extent that any conflict exists in Mejer Law's simultaneous representation of ASSA and Murano, such conflict is waivable as provided by subsection (b) of Rule 4-1.7. This is so because, as set out above, the rule provides that if there is a conflict of interest between clients, an attorney may nevertheless represent both clients if: 1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and, (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.**

**Assuming that there is a conflict in Mejer Law representing both Murano and ASSA, the evidence demonstrates that the requirements of section (b) have been satisfied. Specifically, Mr. Mejer made clear that he believes that he will be able to represent each client competently and diligently; the representation is not prohibited by law; as confirmed by the testimony and conceded by Codotrans' Counsel at the evidentiary hearing, the representation will not involve the assertion of a position adverse to another client; and, each client gave informed consent to the representation in writing and as stated on the record at the evidentiary hearing.**

**In this case, Murano was a covered insured under the Floating Cargo Policy and ASSA has represented that, as subrogee of Panafoto, it has no intention of proceeding**

against Murano in this litigation, but rather will reduce its recovery from Codotrans to the extent that Murano is found responsible for the loss of the cargo.  Moreover, in the context of settlement negotiations, Murano has no incentive to offer anything because ASSA has agreed that any recovery it makes will be reduced by any amount Codotrans recovers from Murano; and, therefore Murano has no potential liability in this action.  In sum, there is no conflict nor potential conflict between the Parties and thus, there is no conflict in Mejer Law representing both ASSA and Murano in the instant proceeding.  Accordingly, there is no violation of the Florida Bar Rules and thus there is no basis to disqualify the Mejer Law from representing both ASSA and Murano in this matter.

### VI.  CONCLUSION

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant/Third-Party Plaintiff Codotrans, Inc.'s Motion to Disqualify Mejer Law, P.A. as Counsel for Third-Party Defendant, Murano Trading Corp. (DE # 29) is **DENIED.**

**DONE AND ORDERED** in chambers in Miami, Florida on April 17, 2014.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via CM/ECF to:**

    The Honorable Cecilia M. Altonaga,
        United States District Judge

    All Counsel of Record